## LOUISA U. EMMERT v. M. J. RICHARDSON.

COVENANT *by Wife — Breach by Husband — Injunction, Refused.* In an action brought to enjoin Mr. R. from entering into or being interested in the millinery business in Fort Scott, it was alleged in the petition that Mrs. R., the wife, who was carrying on a millinery business in Fort Scott, sold out her stock of goods to Miss E. for a valuable consideration, and covenanted in writing that she would "never enter into or be interested in any manner in the millinery business in that city"; that subsequently, Mr. R., the husband, opened up and carried on a large dry-goods store in Fort Scott, which contained a stock of millinery, and that Mrs. R. had the control and management of this stock. It was not alleged, however, that Mrs. R. furnished the money to buy the millinery goods, or to operate the store. *Held,* That it did not appear from the allegations of the petition that the name of the husband was used as a mere cover and blind to conceal the interest of the wife; and *held further,* that Mr. R., the husband, cannot be enjoined, on account of the contract between his wife and Miss E., from entering into or being interested in the millinery business in Fort Scott.

*Error from Bourbon District Court.*

THE case is stated in the opinion.

*Ware, Biddle & Cory,* for plaintiff in error.

*A. A. Harris & Son,* for defendant in error; *Dillard & Padgett,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below for an injunction brought by Louisa U. Emmert against M. J. Richardson to restrain him from entering into or being interested in any manner in the millinery business at Fort Scott. The defendant demurred to the petition. The demurrer was sustained, and the plaintiff brings the case here.

It appears from the pleadings that on the 8th day of July, 1886, Mrs. Rosana Richardson, the wife of M. J. Richardson, sold to Miss Louisa U. Emmert a stock of millinery goods in that city. The contract between the parties was in writing, which was signed by Mrs. Richardson and Miss Emmert. Mrs. Richardson covenanted in the contract, among other things, that she would "never enter into, or be interested in any manner in, the millinery business in the city of Fort Scott." M. J. Richardson, the husband, did not sign the contract. After her purchase, Miss Emmert took possession of the store and goods formerly owned by Mrs. Richardson, and carried on the business in the old place. In the spring of 1888, M. J. Richardson opened up and now carries on a large dry-goods store in Fort Scott. The store contains a stock of millinery. Of this stock Mrs. Richardson has the control and management. We have just held in the case of *Richardson v. Emmert* that the written contract between those parties was binding, and that Mrs. Richardson could be enjoined, under her covenant, from entering into or being interested in any manner in the millinery business in Fort Scott; but the husband, M. J. Richardson, did not sign the written contract, and is not bound thereby. If he desires to carry on a dry-goods store in the city of Fort Scott and have a millinery department conducted in connection with it, he can-

not be prevented from so doing by the written contract between his wife and Miss Emmert. Such contracts, while valid, are to some extent against public policy, and their provisions will not be extended by construction or implication. (*Roller v. Ott*, 14 Kas. 609.)

This case is not like that of *Guerand v. Dandelet*, 32 Md. 561, where the capital employed by the father, as well as the property occupied by the business, belonged to the father, who had covenanted not to engage in his trade again, and where the business was in the son's name merely as a cover and blind. It is not alleged in the petition that Mrs. R. furnished the capital to operate the store or millinery business, and for aught that appears in the pleading, the business may be carried on for the interest and benefit of both and not for Mrs. R. alone. No injunction ought to be issued against M. J. Richardson to prevent him from carrying on, in his own name, the dry-goods business that he is conducting, whether he is selling millinery goods or not.

The judgment of the district court will be affirmed.

All the Justices concurring.