107 P.2d 862

**VALDEZ et al. v. SALAZAR.**

No. 4536.

Supreme Court of New Mexico.

Nov. 26, 1940.

A. T. Rogers, Jr., of Las Vegas, for plaintiffs in error.

Daniel W. Caldwell, of Springer, and Kiker & Sanchez and Anthony J. Albert, all of Santa Fe, for defendant in error.

BICKLEY, Chief Justice.

Plaintiff sued to recover damages for breach of contract to pay commission on the sale by plaintiff of real and personal property belonging to defendants. Defendants denied making the contract and claimed to have made the sale themselves and to their own customer. The case was tried by the District Judge without a jury. The trial court made findings of fact and conclusions of law and rendered judgment in favor of plaintiff.

The assignments of error are all addressed to the proposition that the findings of fact and conclusions of law are "contrary to the weight of the evidence", and that the trial court erred in refusing certain findings of fact and conclusions of law, because the same are supported "by the weight of the evidence". These expressions are not to be confused with an assignment of error frequently made to the effect that the findings of the trial court are not supported by substantial evidence.

Defendants plant themselves squarely upon the following proposition as stated by them: "In order to determine whether plaintiff has established his alleged cause of action, and to fully consider the several Assignments of Error, it will be necessary to review the evidence in the case. Inas-

much as some of the material evidence was taken by deposition, in fact, the evidence of the only disinterested witness whose testimony is material to the issues, Henry D. Mitchell, we assume it is proper and respectfully ask the court to review the evidence in its entirety. In re Jubala's Estate, 40 N.M. 312, '59 P.2d 356; Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979."

Thus, on every contested question, the defendants are asking a reviewing court to weigh the evidence and resolve the conflicts.

It is the firmly established rule in this jurisdiction that findings of fact supported by substantial evidence will not be disturbed on appeal. See citations collected in Courtright's Digest, Appeal and Error, Sec. 426.

Defendants do not challenge this rule, but assert that because *some* of the material evidence in the case at bar was taken by deposition, the rule does not apply.

The exception to the general rule has been variously stated, and there are variations of the exception found in the decisions of courts of different states. Some accord a review of the evidence de novo where *all* of it is by deposition or other writing. Even in such jurisdictions we find that it is usually said that it is the province of the trial court to weigh the evidence in the first instance, ànd that the findings made will not be disturbed unless *clearly wrong*. Other reviewing courts reach the same result when the evidence is "almost entirely" or "substantially all" in writing. The decisions are collected in American Digest Decennials, Appeal and Error, § 1008 (3) and in 5 C.J.S., Appeal and Error, § 1660.

We now turn to a consideration of our own decisions. In the leading case of Gallup Electric Light Co. v. Pacific Improvement Co., 16 N.M. 86, 113 P. 848, 850, we faced the problem where "a *large portion* of the evidence was taken by an examiner, *who reported the same to the court without making any findings of fact or conclusions of law.*" Under these circumstances, the court weighed the testimony. We think it important to note that in that case the court limited the departure from the general rule. It was there said: "The trial court stood, in regard to the evidence *which it did not hear,* in just the position which we occupy on this appeal, and the decree entered should not be affirmed, *unless* it is sustained by substantial evidence *which the court heard, unless the additional evidence taken by the examiner* shows that the decree was properly made and sustains it by a preponderance of the testimony, and all the evidence should be considered by the court, on appeal, so as to determine whether or not the evidence sustains the judgment or decree." (Italics supplied.)

Counsel for plaintiff says of this opinion: "We believe that Mr. Justice Roberts, in making the above pronouncement, had the correct rule in mind, but his language is susceptible of a double construction. We believe that what Judge Roberts meant to

say may be summed up thus: 'that where the trial court has the opportunity of having the witness testify before it, its findings of fact based on such testimony are conclusive, if there is any substantial evidence in the record to support the findings, but as to testimony which is taken in some manner other than in the presence of the court, the substantial evidence rule would not apply, and under such circumstances, this Court would be in as good a position as the trial court to determine what that evidence meant.' As to the concluding portion of the above quotation, we are not just sure what the learned Justice meant."

We think the foregoing appraisal is correct as far as it goes, but we do not share their doubts as to the meaning of the language last quoted.

We understand Mr. Justice Roberts to say that in the kind of case there presented the reviewing court will enter upon a consideration of all the evidence. The first thing to be determined is: Are the judgment, findings and conclusions sustained by substantial evidence "which the court heard". If they are, the judgment will be affirmed. If not, the reviewing court will then, and only then, weigh the written evidence and determine whether such additional evidence in writing, alone and of itself, or in conjunction with evidence which the trial court did hear which was consistent with the ultimate facts indicated by the written evidence, affords substantial evidence to support the findings of fact, conclusions of law and the judgment based thereon.

To put it another way: The reviewing court having found upon a consideration of the evidence which the court heard, that it lacked substantiality, the court turns to the written evidence, which it weighs, being as well circumstanced to do so as the trial court. If the written evidence alone affords substantial evidence, the judgment will be sustained. Or it may be that the evidence which the trial court heard, and which we find lacking in substantiality, will be found supplemented by the ultimate facts which we discover in the written evidence, so as to lend strength to that which we had theretofore regarded as deficient, and thus raise both to the degree of substantiality.

It is further to be noted that in Gallup Electric Light Co. v. Imp. Co., supra, Mr. Justice Roberts was careful to point out that the examiner had made no findings of fact or conclusions of law. Had he done so, the decision might have been different. It has been held that where the evidence is taken by an examiner, the district court will make its own findings.

"This court in turn upon appeal, because in as good position to do so as the trial judge, itself will weigh the evidence; nevertheless, giving 'some weight to the findings of the chancellor, and not reverse those findings unless clearly opposed to the evidence,'" Tietzel v. Southwest Const. Co., 43 N.M. 435, 94 P.2d 972, 973, 126 A.L.R. 307, and cases cited.

In Sanchez v. Torres, 38 N.M. 556, 37 P. 2d 805, we considered this question and referred to Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979, and Gallup Electric Light Co. v. Pacific Improvement Co., supra, and pointed out that the rule mentioned in the Light Co. case could not be applied literally where the trial court had awarded affirmative relief. We pointed out the difference in the application of the principle where affirmative relief had been awarded and where such relief had been denied. We said the rule should no doubt be applied in principle where relief has been denied, and that to overcome a negative decree, it would be necessary for appellant to show a preponderance of evidence for every fact essential to recovery, and that applying the principle stated, if the court heard the evidence as to some fact, the substantial evidence rule would apply as to it. Of course, if the court heard the evidence as to each of the material facts essential to recovery, the substantial evidence rule would apply as to all.

This court, in Gallup Electric Light Co. v. Pacific Improvement Co., supra, apparently finding no substantial evidence in that portion which the court heard, could not conclude that the judgment should thereby be sustained. We then turned to the written evidence and weighed it, and finding there also no substantial evidence to sustain the judgment, it was reversed.

The confusion indicated by attorneys for defendants as to that case doubtless arises from the language of Mr. Justice Roberts to the effect that "all the evidence should be considered by the court, on appeal." But in one aspect, it will not be weighed to determine where the preponderance lies in case the oral evidence heard by the court does, in itself, answer affirmatively the question whether the findings of fact, conclusions of law and judgment based thereon are sustained by substantial evidence. In other words, all of the evidence should be considered by the court in one way or another.

We have heretofore described how it will be considered where relief has been denied by the trial court. Where the trial court has awarded affirmative relief, and its findings are challenged as not being supported by substantial evidence, we will examine first the oral evidence which the court heard. If, after such examination, we find such evidence substantial, we will, of course, continue our examination of the evidence which the court did not hear (depositions, etc.). We will not, however, weigh this written evidence with a view of impeaching a finding of fact made by the court upon evidence which it did hear, and which we have theretofore found to be substantial. In such a situation, the written evidence will not be resorted to for the purpose of testing the correctness of the trial court's appraisal of the credibility of the witnesses affording the substantial evidence upon which the court has based its findings of fact, etc. It must be remembered that while as respects the ability to appraise evidence, we stand in regard to the written

evidence which the trial court did not hear in the exact position of the trial court, the converse is likewise true, and the trial court stood in just the same position as we with respect to said written evidence. But we know it is the province of the trial court, in the first instance, to draw inferences from the written as well as other evidence. If, as is claimed in the case at bar, the written evidence raises some inferences which may be inconsistent with the testimony of the witnesses the court did hear, we must presume that the trial court weighed such written evidence, observed such inferences and found them insufficient to destroy the credibility it attached to the testimony of the witnesses who had appeared before the court, and whose appearance and demeanor upon the stand and manner of testifying, it had an opportunity to observe.

In Jones v. Marshall, 24 Idaho 678, 135 P. 841, the Supreme Court decided: "The rule adopted in this state that where a case has been heard in the trial court wholly upon depositions and documentary evidence, and no witnesses appeared and testified, the appellate court will examine and weigh the evidence for the purpose of determining the preponderance thereof will not be applied in any case where witnesses have appeared and testified before the trial court, although the greater part of the case was heard on depositions and documentary evidence."

In Reed-Smith v. Lockridge, 1937, 145 Kan. 395, 65 P.2d 345, 346, the court held:

"Where evidence is all documentary or by deposition, this court can examine and weigh it as intelligently as the district court, and hence we review the record. Where, however, the evidence is oral and documentary, and conflicting, this court reviews the record only sufficiently to ascertain whether there is substantial competent evidence to support the judgment, and is not concerned with evidence unfavorable to the judgment."

In Kaleb v. Modern Woodmen of America, 1937, 51 Wyo. 116, 64 P.2d 605, the Supreme Court of Wyoming decided: "General rule that trial judge's finding, if supported by substantial evidence, must stand, held applicable even though all witnesses but one gave their testimony on disputed question by depositions, where bulk of evidence thereon was given by witness who testified before judge."

In Edwards v. Cockburn, 264 Mass. 112, 162 N.E. 225, 226, the court held:

"Where evidence is wholly documentary, reviewing court will decide case according to its judgment, giving due weight to trial judge's findings, and occupying position of trial judge with respect to inferences from the evidence.

"Where testimony was partly oral and partly consisted of deposition, reviewing court did not occupy same position as probate judge who tried case, and could not disturb trial judge's determination as to weight and credibility of oral evidence."

From a consideration of the authorities cited, we deduce the following: Where all or substantially all of the evidence on a material issue is documentary or by deposition, the Supreme Court will examine and weigh it, and will review the record, giving some weight to the findings of the trial judge on such issue, and will not disturb the same upon conflicting evidence unless such findings are manifestly wrong or clearly opposed to the evidence.

Where a substantial portion of the evidence on any material issue is oral, and the evidence on the whole as to such issue is conflicting, the Supreme Court reviews the record only sufficiently to ascertain whether there is substantial competent evidence to support the findings on such issue.

In the case at bar, substantially all of the testimony was oral. The testimony of one witness was by deposition. It is urged by defendants that this deposition ought to have great weight, because it was given by a witness who was disinterested, whereas the plaintiff, who was a witness in his own behalf, had an interest in the outcome of the action. The same may be said of defendants who testified. The plaintiff was a competent witness in his own behalf, and the trial court could properly, when weighing his testimony, take into consideration his interest in the action and we must presume that it did so.

It will serve no useful purpose to narrate the evidence in detail. It has been carefully examined to ascertain whether the evidence compels a reversal. In so doing, this court is concerned only with evidence and inferences therefrom which support the findings of the trier of the facts, and does not consider evidence unfavorable to such findings. Reed-Smith v. Lockridge, supra.

Defendants express doubt as to whether plaintiff's complaint states a cause of action. We have read the complaint in the light of the circumstances, and we think it proper to indulge ever intendment favorable to plaintiff, because defendants took no legal exceptions to the complaint in the trial court; and no error is assigned on the ground that the complaint fails to state a cause of action. True, jurisdictional defects, such as that the complaint does not state a cause of action, may be raised at any time, but if raised for the first time on appeal, every reasonable intendment is to be indulged to uphold the judgment. Thus, we are not impressed with defendants' suggestion that the complaint does not state a cause of action or that it does not support the judgment.

The judgment must be affirmed, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.