414 P.2d 214

**Doris Mae KOSMICKI, on Behalf of and next friend of William Ray Barnes, La Rae Lynn Barnes and Dianne Le Lani Barnes, Plaintiff-Appellant,**

v.

**ASPEN DRILLING COMPANY and Employers Mutual of Wausau, Defendants-Appellees.**

No. 7767.

Supreme Court of New Mexico.

May 9, 1966.

James L. Brown, Farmington, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque, for appellees.

MOISE, Justice.

We are here called upon to determine if the minor children of Raymond Lee Barnes, deceased, were "dependents" so as to be entitled to the benefits of the Workmen's Compensation Act.

Involved is an interpretation of §§ 59–10–12(j) (1) and 59–10–12(j) (6), N.M. S.A.1953, which read as follows:

"(j)  The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act.

1.  A child under eighteen [18] years of age or incapable of self-support and unmarried, actually dependent upon the deceased.

*     *     *     *     *     *

6.  Questions as to who constitute dependents, and the extent of their dependency, shall be determined as of the date of the injury, * * *."

Appellants open their argument with a request that we determine the facts and not be bound by the findings of the trial court, citing Garry v. Atchison, Topeka and Santa Fe Railway Co., 71 N.M. 370, 378 P.2d 609, in support of our right to do so. Appellee, while conceding our right to review the documentary proof, points to State ex rel. Reynolds v. Sharp, 66 N.M. 192, 344 P.2d 943, a case involving written evidence, wherein we reviewed the proof and stated that the findings being based on substantial evidence our decisions required that the same not be disturbed. We have never said, and we never intended to suggest, that the review in this court in cases where the proof was all documentary should be in the nature of a de novo trial, nor have we ever intimated that the findings of the trial court were to be totally disregarded.  Rather, we stated the rule thus in Valdez v. Salazar, 45 N.M. 1, 7, 107 P.2d 862:

"From a consideration of the authorities cited, we deduce the following: Where all or substantially all of the evidence on a material issue is documentary or by deposition, the Supreme Court will examine and weigh it, and will review the record, giving some weight to the findings of the trial judge on such issue, and will not disturb the same upon conflicting evidence unless such findings are manifestly wrong or clearly opposed to the evidence."

The opinion on second motion for rehearing of Commercial Warehouse Co. v. Hyder Brothers, Inc., 75 N.M. 792, 411 P.2d 978, decided February 7, 1966, is our most recent pronouncement on the subject.  We there said:

"We are impressed that in our review, we are as well situated as was the district court to make this determination and, under the review procedure outlined in Valdez v. Salazar, 45 N.M. 1, 107

P.2d 862, we may consider the findings of the small claims court and weigh the stipulated facts to determine whether the judgment was supported by the facts."

This statement is followed by a reference to the statute providing for review of judgments of the small claims court and the stipulated facts. We then said:

"* * * When this evidence is weighed with the findings of the trial court, we conclude that the trial court's conclusion that the damage was caused by defendant's negligence was not error.

"Having so concluded, the rule of Valdez v. Salazar, supra, requires a reversal of the district court and affirmance of the small claims court's judgment insofar as the claim of intervenor is concerned."

It should be amply clear that we have never countenanced a review of documentary evidence to the exclusion of the findings. None of the cases cited above have so indicated. To the contrary, we may only review the documentary evidence to determine whether it supports the findings, and, we will not disturb the findings "unless such findings are manifestly wrong or clearly opposed to the evidence." Valdez v. Salazar, supra.

■ As we understand plaintiff's argument here, we are asked to examine the evidence and determine that the trial court erred when it concluded that plaintiffs were not actually dependent based upon

finding 10 that decedent's statements to his former wife "that he would start sending support payments for the children did not constitute a reasonable probability that he would perform, and no reasonable reliance could have been placed thereon * * *," and finding 14 that they "had no real expectation, hope or reasonable probability of future contribution to their support from their father. * * *"

Principal reliance is placed on our holding in Merrill v. Penasco Lumber Co., 27 N.M. 632, 634, 204 P. 72, 73, from which we quote the following:

"* * * It seems to be well settled by authority that the existence of a marriage with consequent liability to support does not of itself prove actual dependency, and instances easily come to mind of married women who are not actually dependent upon their husbands for support. Many statutes create a presumption of dependency in favor of certain classes, but ours does not, following in this respect the original English act. But just as the existence of the marital status does not of itself prove dependency, so the lack of actual support by the husband does not of itself negative dependency. The failure to support is only one circumstance for consideration. The reasons for it, the length of its continuance, the mutual attitude and means of the parties, the probable resumption of duty, and other similar matters may have a distinct

bearing on the subject. If dependency were determined only by the fact of contribution to support, a wife and children might be dependent one week and cease to be the next according to the caprice of the husband and father. Such a theory lacks support from authority. * * *"

In Merrill, supra, we quoted from In re Carroll, 65 Ind.App. 146, 116 N.E. 844, and cited Sweet v. Sherwood Ice Co., 40 R.I. 203, 100 A. 316, both of which support the conclusion reached that the legal obligation to support does not alone determine dependency, but that in addition, one of the tests to apply is whether or not the facts disclose a reasonable probability that the obligation and duty to support will be fulfilled. The trial court, in its findings 10 and 14 felt this probability did not exist. However, it went further in findings 12 and 13 and found that in fact the children were dependent on their mother and stepfather, who had been actually supporting them. Merrill v. Penasco Lumber Co., supra, further differs on its facts from the case at bar in that the deceased parent there had supported his family as best he could while he was able to work, and his failure to support resulted from illness. Here, the deceased father had contributed nothing for some two years since his release from prison, and prior to his one-day visit, during which time the mother and stepfather were actually supporting the children.

In view of the prior history of non-support and its duration, together with decedent's unfulfilled promises, and the further fact that the mother and stepfather had been and were providing support, and the general picture of decedent's acts and conduct, we do not see how we could determine as a matter of law and contrary to the trial court's findings, that the decedent's minor children were "dependent" as defined in § 59–10–12(j), N.M.S.A.1953. We see nothing in Houston v. Lovington Storage Company, 75 N.M. 60, 400 P.2d 476, or in Merrill v. Penasco Lumber Co., supra, requiring such a result. In so concluding, we have not overlooked our long-recognized rule of liberal construction of the workmen's compensation law in favor of claimants. Shillinglaw v. Owen Shillinglaw Fuel Company, 70 N.M. 65, 370 P.2d 502. However, to reverse the trial court here in the name of liberal construction would have the effect of making the definition of "dependent" contained in § 59–10–12(j), supra, meaningless. The provisions of this section may not be disregarded in the name of liberal construction. Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156; Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885. We note, parenthetically, that this section has since been repealed, (Ch. 295, § 20, N.M.S.L.1965), and a new definition of "dependents" enacted, (Ch. 295, § 10, N.M.S.L.1965, compiled as § 59–10–12.10, N.M.S.A.1953, pock. supp.) wherein the test

of actual dependency has been eliminated as to children.

It follows from what has been said that the judgment of the trial court holding that the minor children of decedent were not "dependents" and, accordingly, not entitled to recover under the workmen's compensation act should be affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.