420 P.2d 776

Manuel TURRIETA, Plaintiff-Appellant,

v.

CREAMLAND QUALITY CHEKD DAIRIES, INC., Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 8001.

Supreme Court of New Mexico.

Nov. 28, 1966.

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Leland S. Sedberry, Jr., Albuquerque, for appellees.

## OPINION

CARMODY, Chief Justice.

Plaintiff appeals from a judgment awarding him less than the 100% disability to which he claimed to be entitled.

Two issues are raised, (1) that the court's award of 15% permanent disability has no substantial support in the evidence, and (2) that the trial court refused to allow plaintiff attorney's fees.

 As to the first point, we have carefully examined the entire transcript and it appears therefrom that there was substantial evidence to support the determination of the trial court. No citation of authority is necessary for the proposition that, in such a case, the determination of the trial court will not be disturbed.

The problem as to attorney's fees necessitates a review of portions of the proceedings. Following the filing of the claim for compensation, a stipulation was entered into between the parties, agreeing that the plaintiff would receive total permanent disability payments until such time as he reached his maximum healing period, and that when such point was reached, if the parties could not agree upon the percentage of permanent disability, the matter would be submitted to the court for determination. It was further agreed that medical, hospital and surgical services would be furnished and that the court "shall award attorney's fees for the plaintiff's attorney as the Court may deem reasonable." This stipulation was approved by the court, at which time $350.00 attorney's fees were awarded. Approximately a year later, defendants moved for a reduction in compensation and offered to pay 15% permanent disability. Several hearings were held by the court on the basis of this motion, at which the testimony of three doctors was taken, the last having been called as a witness by the court. The court then entered judgment reducing plaintiff's temporary disability from 100% to 50% for approximately three months, and to 15% permanent disability to the body as a whole after the end of the three-month period. As a part of this judgment, the court determined that no attorney's fees should be allowed "at this time."

 It is apparent that both trial court and counsel felt that they were proceeding under the provisions of § 59–10–23, subd. E, N.M.S.A.1953. However, in retrospect, it is obvious that this subsection of the statute is inapplicable to the instant case, because it is restricted in its effect to proceedings seeking either reduction or increase of disability payments

subsequent to the entry of judgment in a compensation case. The above-referred-to subsection is by its terms limited to proceedings under § 59–10–25, N.M.S.A.1953, which, so far as pertinent, states:

"The district court in which any workman *has been awarded compensation* \* \* \* may upon the application of \* \* \* [the] person bound by *the judgment* fix a time and place for hearing upon the issue of claimant's recovery \* \* \*." (Emphasis added.)

It is implicit that § 59–10–23, subd. E was intended by the legislature to apply after the entry of a final judgment in a workmen's compensation case. Here there was no judgment; the case was merely held in abeyance pending the plaintiff's maximum recovery. Thus, rather than § 59–10–23, subd. E, the trial court should have proceeded under § 59–10–23, subd. D, N.M.S.A. 1953, which reads as follows:

"D. In all cases where compensation to which any person shall be entitled under the provisions of the Workmen's Compensation Act shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing by an employer thirty [30] days or more prior to the trial by the court of the cause, then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same or the Supreme Court upon appeal in such amount as the court may deem reasonable and proper and when so fixed and allowed by the court shall be paid by the employer in addition to the compensation allowed the claimant under the provisions of the Workmen's Compensation Act; Provided, however, that the trial court in determining and fixing a reasonable fee must take into consideration:

(1) The sum, if any offered by the employer

(a) before the workman's attorney was employed; and

(b) after the attorney's employment but before court proceedings were commenced; and

(c) in writing thirty [30] days or more prior to the trial by the court of the cause; and

(2) The present value of the award made in the workman's favor."

The provisions of this section are plain and clearly applicable here. The plaintiff was awarded an amount in excess of the amount offered in writing by the employer. Admittedly, the additional amount was relatively small, but nevertheless it was in excess of the offer. Under the peculiar facts existing in this case, involving several appearances in the district court, it is our considered judgment that plaintiff's attorney is entitled to a reasonable fee substantially above that which was originally stipulated to be paid prior to the hearings

held in the district court. Compare Mann v. Board of County Commissioners, 1954, 58 N.M. 626, 274 P.2d 145; and Employers Mutual Liability Ins. Co. of Wis. v. Jarde, 1964, 73 N.M. 371, 388 P.2d 382.

Therefore, it is directed that the case be remanded to the trial court with direction that an award be made of a reasonable attorney's fee; in all other respects, however, the judgment is affirmed. It is so ordered.

COMPTON; J., and LaFEL E. OMAN, J., Court of Appeals, concur.