479 P.2d 533

Johnnie H. BRANNON, Plaintiff-Appellant,

v.

WELL UNITS, INC., and Northern Assurance Company of America, Defendants-Appellees.

No. 505.

Court of Appeals of New Mexico.

Dec. 24, 1970.

Robert W. Ward, Lovington, for plaintiff-appellant.

Ray C. Cowan, Girand, Cowan & Richards, Hobbs, for defendants-appellees.

## OPINION

OMAN, Judge.

Plaintiff has appealed from a judgment awarding him workmen's compensation benefits at the maximum rate from May 28, 1969, to September 29, 1969. He contends the trial court erred in not awarding him benefits for total permanent disability after September 29, 1969, and in failing to award him attorney's fees. We affirm the award of weekly benefits, and reverse the failure to award attorney's fees.

Plaintiff's work experience had been primarily in the oil fields and in butchering, sizing, cutting, processing and curing of

meats. He sustained a low back injury on May 27, 1969, while employed by defendant employer as a floor hand on an oilwell worker unit. He had sustained disabling back injuries during the course of prior employments on at least four occasions between 1960 and 1967. He testified he had fully recovered from the back injuries and resulting pains suffered by him on each of these prior occasions. However, a fellow employee, who worked with him for defendant employer, testified plaintiff complained of back pains prior to May 27, 1969, and had taken time off from work on at least one occasion because of such pains. A Dr. Mayes, who treated plaintiff subsequent to his injury on May 27, 1969, testified plaintiff had given him a history of having commonly suffered backaches, and at times of pains radiating into his left leg, prior to the May 27 injury.

Dr. Mayes and a Dr. Dunn, who also treated plaintiff for his injuries subsequent to the May 27 incident, testified by way of deposition, and their depositions were offered into evidence by plaintiff. Both doctors expressed an opinion that plaintiff's history of prior back troubles indicated years of changes in and problems with an intervertebral disc in his low back.

The following facts found by the trial court have not been questioned, and, therefore, are binding on this court. Springer Corporation v. Kirkeby-Natus, 80 N.M. 206, 453 P.2d 376 (1969); Webb v. Hamilton, 78 N.M. 647, 436 P.2d 507 (1968).

"During these fifteen years, [prior to May 27, 1969] the plaintiff seemed to have worked fairly steadily except for four different periods between 1960 and 1967 when he was off work from three weeks to five months because of back injuries."

"During the nine months that plaintiff worked for defendant, he complained many times of his back hurting him and actually laid off work at least once because of it."

"Drs. Dunn and Mayes' testimony clearly shows as a medical probability that the incidents occurring May 27th, 1969, caused the plaintiff to suffer more pain in his back than he had suffered for about a year prior to that time and that this pain forced him to stay off work until the latter part of August or first of September."

"Plaintiff is now working for a wholesale meat company at a salary of $500.00 per month."

Plaintiff challenges at least portions of the following numbered findings of fact made by the trial court:

"7. Beginning July 2nd, 1969, he [plaintiff] was examined and treated by Dr. Jack Dunn, neurosurgeon, Lubbock, Texas, and Dr. Gordon W. Mayes, orthopedist, Lubbock, Texas, until September 29th, 1969, when Dr. Dunn released him to return to his usual occupation.

"8. Plaintiff resumed gainful occupation in late August or early September, 1969, and has worked ever since then.

" * * *

"10. No doctor who examined or treated the plaintiff would say that as a medical probability plaintiff was any worse off at the time of trial [January 7, 1970] than he was immediately before the incidents of May 27th, and one or two of them testified that if he were any worse off there was no way they could tell how much."

The challenged portion of Finding No. 7 is that Dr. Dunn released plaintiff on September 29, 1969, to return to his usual occupation. Plaintiff urges this portion of Finding No. 7 and Finding No. 8 are erroneous and are based solely on testimony of Dr. Dunn, which, plaintiff urges, was recognized by Dr. Dunn in his later testimony as having been based upon a false assumption that plaintiff had returned to his employment with defendant employer in September 1969.

The following testimony of Dr. Dunn clearly demonstrates that he did release plaintiff on September 29 to return to his usual occupation:

"Q. Well, now, Doctor, at the time you last saw him in your opinion was there any limitation in the kind of work Mr. Brannon could do?

"A. No, sir.

"Q. Do without pain?

"A. No. The last time I saw him it was my feeling and I discussed with him, that he should do his full work that if he had any sort of difficulty, that we would later bring him back in the hospital for further evaluation.

"He was still having some low grade symptoms but I had no restriction on his work because I wanted to find out if this thing was going to hold or not."

"* * *

"Q. You felt that he was able to go to work, go back to work in September, 1969?

"A. Yes, sir.

"* * *

"Q. There was no reason from your examination to think that he had not recovered in September of 1969, from this May 27th incident, the same as he had recovered from these previous injuries, is that correct?

"A. Yes, sir, I presume so."

"* * *

"Q. Dr. Dunn, going back to the episode two years before, when he had back injury with leg pain, and continued having intermittent pain, up until you examined him in December of this year, his symptoms could just as well have been from that injury as from the May 27th, injury, isn't that correct?

"A. Yes, sir.

"Q. And if he told Dr. Mayes that he had had pain all during these years off and on, you couldn't say that the May 27th incident had anything more to do with his condition than any of the five or so previous injuries, could you?

"A. No, sir."

It is true the doctor testified he had understood plaintiff had returned to his prior job with defendant employer, rather than working as a butcher. However, this mistaken understanding as to the nature of the work plaintiff was doing did not change the fact that the doctor had released plaintiff to return to his usual occupation.

It is also true the doctor's testimony suggests plaintiff was released to return to work for the purpose of determining whether such work would bring on a recurrence of the symptoms. However, he was released to return to his usual occupation.

As to Finding No. 8, there is no doubt it is supported by the testimony of plaintiff himself. Although he did not return to his prior employment with defendant employer, or to oil field work, some time in August or September, the date is not specified, he did go to work for a food establishment and, shortly after leaving that employment, entered upon his employment with the wholesale meat company to which reference is above made.

The depositions of the doctors clearly show support for Finding No. 10. The disability, if any, which plaintiff continues to suffer, was not specifically related by the doctors to any one of the several back injuries suffered by plaintiff, and, in particular, it was not related as a natural and direct result as a medical probability by their expert medical testimony to the May 27, 1969 incident, as required by § 59–10–13.3(B), N.M.S.A.1953 (Repl. Vol. 9, pt. 1). See Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642 (1968); Gammon v. Ebasco Corporation, 74 N.M. 789, 399 P.2d 279 (1965).

■ Undoubtedly challenged Findings Nos. 7, 8 and 10, quoted above, are supported by substantial evidence. Therefore, they must stand on appeal, if the substantial evidence rule is applicable. Martinez

v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970); Martinez v. Sears, Roebuck and Co., 81 N.M. 371, 467 P.2d 37 (Ct.App. 1970); Payne v. Tuozzoli, 80 N.M. 214, 453 P.2d 384 (Ct.App.1969). Plaintiff urges that because the testimony of Drs. Dunn and Mayes was presented to the trial court by way of depositions, the substantial evidence rule is inapplicable, and this court is in as good position as the trial court to determine the facts established thereby. He urges that this court is not bound by the findings of the trial court. He relies upon Price v. Johnson, 78 N.M. 123, 428 P.2d 978 (1967) and Garry v. Atchison, Topeka and Santa Fe Railway Co., 71 N.M. 370, 378 P.2d 609 (1963). Both of these cases involve the construction of deeds.

Plaintiff concedes that the rule, pertaining to findings of fact based upon documentary evidence, apparently does not relieve the appellate court from giving some consideration to findings made by the trial court, and does not convert the appeal into a trial de novo. Kosmicki v. Aspen Drilling Company, 76 N.M. 234, 414 P.2d 214 (1966); Commercial Warehouse Co. v. Hyder Brothers, Inc., 75 N.M. 792, 411 P.2d 978 (1965); Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862 (1940).

In view of the testimony of plaintiff himself on some of the issues of fact found by the trial court in the said challenged findings, which testimony is contrary in many particulars to the testimony of the doctors, we are of the opinion that the rule urged upon us by plaintiff is not applicable, and that the substantial evidence rule is applicable. Moreover, we have reviewed the testimony of Drs. Dunn and Mayes, and our review convinces us that the challenged findings are not manifestly wrong or opposed to their testimony. Thus, we could not properly disturb the findings on this appeal, even if we were to apply the rule urged upon us by plaintiff. Kosmicki v. Aspen Drilling Company, supra; Valdez v. Salazar, supra.

Plaintiff next contends the trial court erred in failing to award him attorney's fees. The court predicated the judgment in this regard upon its conclusion that: "There being no evidence before the Court upon which to determine an attorney's fee for plaintiff, none is allowed."

Although it is true plaintiff never offered any specific or detailed evidence of the services performed by his attorney, a reading of the record clearly shows the attorney prepared the complaint for plaintiff, took the depositions of Drs. Dunn and Mayes, and represented plaintiff in the trial of the case. The record fails to show an offer of settlement, and recovery was effected by plaintiff. Thus, plaintiff was entitled to recover attorney's fees. Section 59-10-23(D), N.M.S.A.1953 (Repl. Vol. 9, pt. 1). Compare Turrieta v. Creamland Quality Chekd Dairies, Inc., 77 N.M. 192, 420 P.2d 776 (1966); Rayburn v. Boys Super Market, Inc., 74 N.M. 712, 397 P.2d 953 (1964); Cromer v. J. W. Jones Construction Company, 79 N.M. 179, 441 P.2d 219 (Ct.App.1968).

It follows from what has been said that the case should be remanded with directions to award plaintiff a reasonable attorney's fee for legal services rendered in the district court consistent with the provisions of § 59-10-23(D), supra. Otherwise, the judgment of the trial court should be affirmed. This court should award plaintiff a reasonable attorney's fee for legal services in perfecting that portion of his appeal in which he has been successful, and, in our opinion, this is $500.00.

It is so ordered.

WOOD and HENDLEY, JJ., concur.

SPIESS, C. J., not participating.