491 P.2d 171

**Apolonio MARTINEZ, Plaintiff-Appellant,**

v.

**UNIVERSAL CONSTRUCTORS, INC., Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.**

**No. 717.**

Court of Appeals of New Mexico.

Nov. 12, 1971.

Edwin L. Felter, Santa Fe, for plaintiff-appellant.

M. J. Rodriguez, J. E. Gallegos, Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendant-appellee.

### OPINION

WOOD, Chief Judge.

In this workmen's compensation case, the trial court found that plaintiff " * * has no disability which is a natural and direct result of the accident. * * * " Section 59–10–13.3, N.M.S.A.1953 (Repl. Vol. 9, pt. 1). Plaintiff's appeal: (1) challenges the sufficiency of the evidence to support this finding and (2) contends this court should weigh the evidence and make our own determination as to disability.

*Sufficiency of the evidence.*

Plaintiff claims the uncontroverted medical evidence establishes that plaintiff is disabled, to some extent, as the result of his on-the-job accidental injury. See Ross v. Sayers Well Servicing Company, 76 N.M. 321, 414 P.2d 679 (1966). While there is evidence sufficient to support a finding of disability, plaintiff's treating physician testified that plaintiff was not disabled. If the treating physician's testimony was sufficient to support a finding of *no disability,* then there was a conflict in the evidence and it was the trial court's function to resolve the conflict. Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642 (1968).

Plaintiff's argument infers that the treating physician's testimony did not raise

a conflict in the evidence because the treating physician is a general practitioner and his testimony allegedly contradicts the testimony of two medical specialists. The fact that the treating physician was a general practitioner did not prevent him from testifying as an expert. Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067 (1958); Los Alamos Medical Center v. Coe, 58 N.M. 686, 275 P.2d 175 (1954); compare Irvin v. Rainbo Baking Company, 76 N.M. 213, 413 P.2d 693 (1966).

■ Plaintiff contends the treating physician's testimony is insufficient because he did not appear and testify at the trial; rather, his testimony was by deposition. We find nothing in the rule concerning oral depositions, § 21-1-1(26), N.M.S.A.1953 (Repl.Vol. 4), which indicates that deposition testimony is to have a lesser effect than testimony presented "live" at trial or which indicates that deposition testimony is insufficient to raise a conflict in the evidence. N.M.U.J.I. 15.3 states that deposition testimony is entitled to the same consideration as any other testimony. See Newman v. Los Angeles Transit Lines, 120 Cal.App.2d 685, 262 P.2d 95 (1953); Belser v. American Trust Co., 125 Cal.App. 344, 13 P.2d 951 (1932).

No contention is made that the deposition testimony was not properly before the court. The parties stipulated that the deposition of two doctors " * * * may be used for the trial of this cause in lieu of said doctors appearing personally to testify. * * * " The trial court approved the stipulation.

■ We hold the trial court could properly consider the deposition testimony of the treating physician. This deposition testimony was substantial evidence which supported the trial court's finding of no disability.

*Weight of the evidence and determination of disability.*

Plaintiff asks us to weigh the evidence and independently determine the issue of disability. This request is based on the rule " * * * that when evidence on an issue is primarily or substantially all documentary, the * * * [appellate court] is as well positioned as the trial court to consider and weigh the evidence and determine the facts disclosed thereby. * * * " Baker v. Shufflebarger & Associates, Inc., 78 N.M. 642, 436 P.2d 502 (1968). Plaintiff claims that all of the evidence of *no disability* was the deposition testimony of the treating physician; that a medical specialist who testified by deposition and another medical specialist who appeared and testified at trial were of the opinion that plaintiff had some disability. It is under these circumstances that plaintiff asks us to weigh the evidence.

If we disregard plaintiff's own testimony and limit consideration of this issue to the testimony of the three doctors, there is considerable doubt that "substantially all" of the evidence of *no disability* is to be located in the deposition of the treating physician. The medical witness who appeared and testified at trial was of the opinion that plaintiff had a 10 to 15% disability, but didn't know whether the disability was due to the injury or plaintiff's age. Further, this doctor was of the opinion that plaintiff deliberately exaggerated his symptoms.

■ Assuming, however, that substantially all of the evidence of *no disability* is documentary, the appellate court may review and weigh the evidence, but in doing so it does not exclude the finding of the trial court. Rather, the trial court's finding is to be included in the weighing and review. Kosmicki v. Aspen Drilling Company, 76 N.M. 234, 414 P.2d 214 (1966).

The applicable rule, stated in Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862 (1940) is:

" * * * Where all or substantially all of the evidence on a material issue is documentary or by deposition, the Supreme Court will examine and weigh it, and will review the record, giving some weight to the findings of the trial judge on such issue, and will not disturb the same upon conflicting evidence unless

such findings are manifestly wrong or clearly opposed to the evidence."

■ Here, there is conflicting evidence and the finding by the trial court cannot be categorized as manifestly wrong or clearly opposed to the evidence. Accordingly, the finding of the trial court is not to be disturbed. Kosmicki v. Aspen Drilling Company, supra; Brannon v. Well Units, Inc., 82 N.M. 253, 479 P.2d 533 (Ct.App.1970).

The judgment is affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.

SUTIN, J., not participating.