144 P.2d 156

### HAMILTON v. PRESTRIDGE.

### No. 4796.

Supreme Court of New Mexico.

Dec. 17, 1943.

Rehearing Denied Jan. 12, 1944.

J. Benson Newell, of Las Cruces, for appellant.

Hugh B. Woodward and Lawson K. Stiff, both of Albuquerque, for appellee.

BRICE, Justice.

This is a workman's compensation case, which seems to have been submitted to the trial court upon the admitted or undenied allegations in the complaint, and an oral stipulation of facts incorporated in the trial court's "Order of Dismissal" from which this appeal was taken. The order is as follows:

"This matter coming on for hearing upon the oral motion of the defendant to dismiss the Amended Complaint for Compensation, at which time the plaintiff was present in person and by her attorney, G. T. Watts, and the defendant being present in person and by his attorney, Lawson K. Stiff, and it appearing to the Court that the parties stipulated to certain facts to the effect that the minor, Marlene Bodry, at the time of the death of the workman was over the age of 18 years and married.

"The Court therefore finds that such motion should be sustained and the Amended Complaint filed herein should be dismissed.

"It is therefore ordered adjudged and decreed that the motion of the plaintiff be and the same is hereby sustained and the Amended Complaint is hereby dismissed at the cost of the plaintiff.

"To all of which the attorney for the plaintiff duly excepts."

From the admitted and undenied allegations of the complaint and the oral stipulation incorporated in the Court's order of dismissal, we find that the following are the facts of the case: The deceased, Bud Bodry, was at the time of his death an employee of the appellee at an average weekly wage of $23.60; that while working as such employee he was fatally injured; that such injury was by accident, and that it arose out of and was sustained in the course of his employment; that he died from the effects of such injury, on

May 4, 1943. Marlene Bodry was the deceased's daughter and at the time of the death of her father was over the age of eighteen years and was married.

The question then is whether the appellant is entitled to compensation under the facts stated. The applicable statutes are the following sub-sections of Sec. 57-912 N.M.Sts.1941:

"(j) The following persons and they only shall be deemed dependents and entitled to compensation under the provisions of this act:

"(1) A child under eighteen (18) years of age or incapable of self support and unmarried, actually dependent upon the deceased.

\* \* \* \* \*

"The relation of dependency must exist at the time of the injury.

\* \* \* \* \*

"Questions as to who constitutes dependents and the extent of their dependency, shall be determined as of the date of the injury, and their right to any death benefit shall cease upon the happening of any one of the following contingencies:

\* \* \* \* \* \*

"II. Upon a child reaching the age of eighteen (18) years unless said child at such time is physically or mentally incapacitated from earnings or upon a dependent child becoming self supporting prior to attaining said age \* \* \*

\* \* \* \* \* \*

"(k) As used in this section the term 'child' includes stepchildren, adopted children, posthumous children and acknowledged illegitimate children, but does not include married children unless dependent."

From the opinion of the trial court, appearing in the record, it seems his conclusion that appellant was not entitled to recover was arrived at by a holding that the phrase "but does not include married children unless dependent" appearing in subsection (k), supra, "is nugatory and should not be held to be a modification of the language used in subsection (j)-1 which bars a person from having benefits of this statute if married." We need not decide this question.

Considering these statutes together, we are of the opinion that when it is established that dependents are entitled to compensation, proof that the deceased workman had a child under the age of eighteen years sufficiently establishes its dependency, unless it further appears (II supra) that such child has become or is self-supporting. The mere proof, however, that a child over the age of eighteen years is the daughter of the deceased workman is not sufficient to establish her right to compensation. It must further appear from the facts that the claimant is incapable of self support and is actually dependent upon the deceased. The appellant alleged in her complaint that "Marlene Bodry at the time of the death of the deceased was solely and wholly dependent

upon Bud Bodry for her support, and at the time of his death she was his only dependent." These allegations, however, were denied in the answer, and were not proven; nor were these necessary facts included in the oral stipulation.

If a married child of a deceased workman would be under any circumstances entitled to compensation, a question we do not decide, the appellant has failed to establish her right thereto because, being over the age of eighteen years, she failed to prove that she was incapable of self support and was actually dependent upon her father.

There were not sufficient facts to establish dependency.

The judgment of the district court is affirmed, and it is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and THREET, JJ., concur.