320 P.2d 736

Charles S. SNARR and Emma M. Snarr, Plaintiffs-Appellees,

v.

Claude M. CARROLL and Employers' Fire Insurance Company, Defendants-Appellants.

No. 6276.

Supreme Court of New Mexico.

Jan. 15, 1958.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellants.

Brown & Wood, Farmington, for appellees.

COMPTON, Justice.

The questions presented by this appeal are (a) whether under the provisions of the Workmen's Compensation Act the child of a deceased workman under 18 years is conclusively presumed to be an actual dependent, and (b) where actual dependency of the child is not established, may the partially dependent parents of the workman recover death benefits. The problem is one of construction.

The applicable statute is § 59–10–12(j), NMSA, 1953 Comp., and is set forth in full.

"(j) The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act.

"1. A child under eighteen (18) years of age or incapable of self-support and unmarried, actually dependent upon the deceased.

"2. The widow, only if living with the deceased at the time of his death, or legally entitled to be supported by him and actually dependent, including a divorced wife entitled to alimony and actually dependent.

"3. The widower only if incapable of self-support, and actually dependent, wholly or partially, upon the deceased at the time of her injury.

"4. A parent or grandparents only if actually dependent, wholly or partially, upon the deceased.

"5. A grandchild, brother or sister only if under eighteen (18) years of age, or incapable of self-support, and

wholly dependent upon the deceased.

"The relation of dependency must exist at the time of the injury.

"6. Questions as to who constitute dependents, and the extent of their dependency, shall be determined as of the date of the injury, and their right to any death benefit shall cease upon the happening of any one of the following contingencies:

"I. Upon the marriage of the widow or widower.

"II. Upon a child reaching the age of eighteen (18) years, unless said child at such time is physically or mentally incapacitated from earnings, or upon a dependent child becoming self-supporting prior to attaining said age.

"III. Upon the death of any dependent."

Appellees, parents of the deceased workman, brought this action to recover compensation as provided by the Act. Appellants denied the alleged dependency of appellees, and further, as an affirmative defense, alleged that the deceased left surviving him a child under the age of 18 years.

The trial court found that appellees were actually dependent upon the deceased, but partially so. The court also found that the workman left surviving him a child under the age of 18 years, but that the child was not actually dependent on the workman at the time of his death.

The court then concluded that since there was a failure of proof of actual dependency of the child, appellees were entitled to recover. Judgment was entered accordingly and appellants appeal. The findings are not challenged, leaving for determination questions of law only.

■ Appellants strongly insist that a child of a deceased workman under the age of 18 years is an actual dependent as a matter of law. We agree; proof that the deceased workman left surviving a child under the age of 18 years sufficiently establishes its dependency. Hamilton v. Prestridge, 47 N.M. 440, 144 P.2d 156; Sanchez v. Board of County Commissioners, 63 N.M. 85, 313 P.2d 1055; Neeley v. Union Potash & Chemical Co., 47 N.M. 100, 137 P.2d 312; Merrill v. Penasco Lbr. Co., 27 N.M. 632, 204 P. 72; Gonzales v. Chino Copper Co., 29 N.M. 228, 222 P. 903.

■■ But the presumption of dependency is rebuttable. The child of the workman had lived with its mother and stepfather since its birth, and had been supported exclusively by them. They had never asked for death benefits for the child

as a result of the death of its father. It follows, therefore, that under subsection (4), parents of the workman are entitled to compensation if actually dependent upon the workman.

Appellants pose the question of double liability. They ask what will happen if later the minor files a claim for death benefits. Our answer is that we can only try one case at a time, and the supposed case is not before us. We note, however, that the authorities are in conflict as to whether the statute of limitation is tolled because of the disability of the minor. Inland Gas Corp. v. Flint, Ky., 269 S.W.2d 239; Redfern v. Holfite Mfg. Co., 209 Md. 106, 120 A.2d 370; Allen v. St. Louis-San Francisco Ry. Co., 338 Mo. 395, 90 S.W.2d 1050, 105 A.L.R. 1222; Bailey's Auto Service v. Mitchell, Fla., 85 So.2d 228. We note further that no effort has been made by appellants to have the rights of the minor, if any, determined.

The first question posed at the outset must be answered in the negative; the latter in the affirmative. The judgment should be affirmed, with an additional award of $750 to appellees for the services of their attorney in representing them in this court. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and KIKER, JJ., concur.