400 P.2d 476

Corrine HOUSTON, Individually, Claria Houston, A Minor, and Vivian Ann Houston, A Minor, By and Through Their Next Friend, Corrine Houston, Plaintiffs-Appellees,

v.

LOVINGTON STORAGE COMPANY, Inc., Employer, and Maryland Casualty Company, Insurer, Defendants-Appellants.

No. 7604.

Supreme Court of New Mexico.

March 22, 1965.

Sanders & Bruin, Roswell, for appellants.

Heidel, Swarthout & Samberson, Lovington, for appellees.

COMPTON, Justice.

This is a workmen's compensation case. The employer and the insurance carrier appeal from a judgment awarding death benefits to the widow and two minor children of the deceased employee, Bennie Houston.

Questions to be determined on appeal are (1) whether the finding of the court that the death of the employee arose out of and in the course of his employment, and (2) whether the finding that the claimants were dependents at the time of his death within the meaning of § 59–10–12 of the Workmen's Compensation Act, N.M.S.A., 1953 Comp., are supported by substantial evidence. The section, in part, reads:

"(j) The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act.

"1. A child under eighteen (18) years of age or incapable of self-support and unmarried, actually dependant upon the deceased.

"2. The widow, only if living with the deceased at the time of his death, or legally entitled to be supported by him and actually dependent, including a divorced wife entitled to alimony and actually dependant."

In determining the sufficiency of the vidence to sustain the findings we will consider only the evidence and the inferences to be drawn therefrom which support the findings, and if supported by substantial evidence the findings will not be disturbed, nor will we weigh the evidence where conflict exists. Luna v. Flores, 64 N.M. 312, 328 P.2d 82; and Little v. J. Korber & Co., 71 N.M. 294, 378 P.2d 119.

Bennie Houston was employed in September, 1961, as a general laborer and maintenance man by the Lovington Storage Co., Inc., which operated a grain and fertilizer business. In the words of Mr. Vincenti, the owner of the appellant employer, "Whatever it took to run the grain elevator, he pitched in and did." As part of his duties he operated a payloader equipped with a hoisting and lifting device in conjunction with a large bucket used in the picking up and handling of grain. On occasions he had been called upon to operate the payloader for other purposes. On April 2, 1962, Mr. Vincenti discovered Bennie Houston's body on the payloader crushed beneath a large storage tank which was located on the premises but which had no connection with the business. There were no witnesses to the accident. What caused the tank to fall upon the deceased is unknown and any attempt to explain it leads to pure conjecture and speculation.

The appellants contend that claimants failed to carry the burden of establishing that the accidental injury sustained by Bennie Houston arose out of and in the course of his employment or was reasonably incidental thereto. In support of their position the appellants rely on Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885; Little v. J. Korber & Co., supra; Alspaugh v. Mountain States Mutual Casualty Co., 66 N.M. 126, 343 P.2d 697; and Teal v. Potash Company of America, 60 N.M. 409, 292 P.2d 99. We do not question the holdings in those cases but those cases are distinguishable on the facts. It is clear that Bennie Houston's death resulted from an accident, that the accident occurred on the employer's premises during working hours and while the deceased was on duty and engaged in the operation of equipment he was authorized to operate.

It is not necessary that the essential facts necessary to a recovery be proved by direct evidence; they may be established by reasonable inferences drawn from proven facts. Medina v. New Mexico Consolidated Min. Co., 51 N.M. 493, 188 P.2d 343; and Teal v. Potash Company of America, supra. Where there is substantial evidence that the death of an employee results from an accident and the accident occurs during his hours of work, at a place where his duties require him to be, or where he might properly have been in the performance of such duties, the trier of the facts may reasonably conclude therefrom, as a natural inference, that the accident arises out of and in the course of the employment, and that the injury was reasonably incident to the employment. Medina v. New Mexico Consolidated Min. Co., supra; 1 Larson, Workmen's Compensation Law, 1964, pp. 108, 112, 113.

The primary argument of the appellants is that there is no substantial evidence to support the court's ultimate finding that the

claimants were actually dependent upon the deceased at the time of his death. They rely on Ferris v. Thomas Drilling Co., 62 N.M. 283, 309 P.2d 225; and Employers Mutual Liability Ins. Co. of Wis. v. Jarde, 73 N.M. 371, 388 P.2d 382, wherein the test for dependency with respect to workmen's compensation claims for death benefits is held to be whether the deceased employee had actually contributed to the claimant's support, and whether they relied upon such earnings in whole or in part for their livelihood. Asserting that the evidence here shows the deceased did not actually contribute anything to the support of the claimants from the time he abandoned them to the date of his death and that they did not rely upon contributions from him for their support, the appellants claim this test had not been met. We do not agree. These cases do not deal with the question at hand. In these cases no consideration of a legal obligation to support was involved. See also Gonzales v. China Copper Co., 29 N.M. 228, 222 P.2d 903; Dimas v. Albuquerque & Cerrillos Coal Co., 35 N.M. 591, 3 P.2d 1068; and Sallee v. Calhoun, 46 N.M. 468, 131 P.2d 276.

■ While the legal liability to support does not of itself prove dependency, the failure of a husband to support his wife and children for a considerable time prior to an accident does not of itself disprove their actual dependency. These are but circumstances to be taken into consideration in determining dependency. Actual dependency is a question of fact to be determined by all the facts and circumstances of each case. Merrill v. Penasco Lumber Co., 27 N.M. 632, 204 P. 72; Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 112 P.2d 515; and Barney Cockburn & Sons v. Lane, 45 N.M. 542, 119 P.2d 104.

■ It appears that Corrine and Bennie Houston were married in 1950. Two children were born to the marriage and he supported them until 1958 when domestic trouble developed and he abandoned them without cause. Thereafter Corrine Houston filed a petition for support in Children's Court, Niagara County, New York, and sought aid from the Welfare Department in that county. Through the efforts of the claimant, Corrine Houston, her husband's savings in the amount of $654.00 were obtained from the plant where he had been employed prior to September, 1958, and this amount was paid to the claimants at the rate of $72.00 per month. In August, 1961, the deceased returned to Niagara Falls, New York, for a short time and a reconciliation was had, whereby the deceased agreed to return in the month of December, 1961, and resume his marital obligations and to make a home for her and their two children. The deceased then returned to New Mexico and was re-employed by the appellant employer. He

talked with his wife by telephone in September, 1961, and again in November, 1961, but did not return in December, 1961, as he had promised. In this regard there is evidence that he did not have the funds to do so. Further, the record discloses that his total income in 1961 was $1,699.33 and that he drew unemployment compensation from March to September of that year. We think the finding of dependency of the claimants is substantially supported, as is the finding that Corrine Houston reasonably expected deceased to resume his obligation of support.

In Merrill v. Penasco Lumber Co., supra, we said:

"While the statute uses the word 'actually' as limiting the word 'dependent,' this can mean nothing more than that the widow must have been dependent in fact as well as in law. In a sense every wife and child is legally dependent upon the husband and father, and there may in some instances be a distinction between such legal dependency and the dependency in fact comtemplated by the statute. * * * It seems to be well settled by authority that the existence of a marriage with consequent liability to support does not of itself prove actual dependency, and instances easily come to mind of married women who are not actually dependent upon their husbands for support. * * * But just as the existence of the marital status does not of itself prove dependency, so the lack of actual support by the husband does not of itself negative dependency. The failure to support is only one circumstance for consideration. The reasons for it, the length of its continuance, the mutual attitude and means of the parties, the probable resumption of duty, and other similar matters may have a distinct bearing on the subject. If dependency were determined only by the fact of contribution to support, a wife and children might be dependent one week and cease to be the next according to the caprice of the husband and father. * * *"

Viewing the evidence in the light most favorable to the judgment, as we must, we conclude that there is substantial support for the finding of dependency. We see nothing in the evidence to rebut the presumption that the two children of the deceased under 18 years of age were not actually dependent upon the deceased in spite of his lack of contribution to their support after 1958. The case is unlike Snarr v. Carroll, 63 N.M. 380, 320 P.2d 736, where the child involved had been supported solely by others since birth; here the deceased had supported his children from birth until 1958.

The judgment should be affirmed and appellees are awarded the sum of $750.00 for the services of their attorneys in representing them in this court.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.