568 P.2d 204
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Monteine BAIRD, Defendant-Appellant.**

**No. 2901.**

Court of Appeals of New Mexico.

April 12, 1977.

Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellee.

Anthony F. Avallone, Las Cruces, for defendant-appellant.

## OPINION

WOOD, Chief Judge.

Defendant claims her no contest plea should be set aside because of the asserted invalidity of procedures before the grand jury.

The grand jury indictment charged defendant with second degree murder. When arraigned, defendant refused to plead. The trial court entered a not guilty plea on her behalf. After denial of a motion to dismiss the indictment, defendant pleaded "no contest" to involuntary manslaughter. Defendant was then found guilty of involuntary manslaughter; she appeals that conviction.

■ Testimony before the grand jury was electronically recorded. The docketing statement asserts the electronic device "was operated by a person who ordinarily works in the district court clerk's office . . ." The docketing statement asserts the operator was not authorized to be present during the taking of testimony by the grand jury. Section 41–5–4, N.M.S.A.1953 (2d Repl.Vol. 6) authorizes court reporters to be present. The docketing statement seems to assert that no reporter can be present unless the reporter bears the title "official court reporter". This claim is frivolous, there being no contention that the operator's presence was not for the purpose of monitoring the device that recorded the grand jury testimony. The monitor performed the function of court reporter.

■ The recorded testimony was transcribed by the "official court reporter" who, in typing the transcript, omitted testimony with the notation "inaudible". The docketing statement asserts the result is that the grand jury testimony was not "reported verbatim", a violation of § 41–5–8, N.M.S.A.1953 (2d Repl.Vol. 6). Other than a general claim of prejudice, the docketing state-

ment makes no effort to connect the "inaudible" testimony with defendant's case; specifically, there is no claim that any grand jury testimony involving defendant was inaudible. See *State v. Vigil*, 85 N.M. 735, 516 P.2d 1118 (1973) and cases therein cited. In addition, defendant pled no contest and was found guilty without a trial. Even if a portion of the grand jury testimony was inaudible, there was no occasion for defendant to use the grand jury testimony. *State v. Vigil*, supra. There is no basis for the claim of prejudice.

The docketing statement asserts that the district attorney was present during grand jury deliberations. Such is prohibited by § 41–5–4, supra. See *State v. McGill*, 89 N.M. 631, 556 P.2d 39 (Ct.App.1976); *State v. Hill*, 88 N.M. 216, 539 P.2d 236 (Ct.App. 1975). Even with this claim, the case was calendared for summary affirmance on the basis that defendant's no contest plea "waived the defects complained of on appeal." *State v. Raburn*, 76 N.M. 681, 417 P.2d 813 (1966) was cited as authority. *Raburn* states that a no contest plea waives a defendant's right to object to prior defects, other than a claim of fundamental unfairness.

■ Defendant has filed a memorandum opposing summary affirmance N.M.Crim. App. 207(d)(3). The memorandum asserts the defects in the grand jury proceedings were so fundamental they could not be waived. We disagree. Constitutional rights may be waived. So may statutory rights. The right to counsel, the right to a speedy trial, the right to a trial—all may be waived. *Neller v. State*, 79 N.M. 528, 445 P.2d 949 (1968); *State v. Gonzales*, 80 N.M. 168, 452 P.2d 696 (Ct.App.1969); *State v. Montoya*, 81 N.M. 233, 465 P.2d 290 (Ct. App.1970). The asserted violation of statutes governing grand jury proceedings may also be waived. *State v. Hill*, supra, is not to the contrary; there was no issue of waiver in *Hill*.

■ The waiver in this case is shown in two ways: 1. A "Plea and Disposition Agreement" was signed by defendant and

defense counsel. By this plea bargain, defendant obtained dismissal of the murder charge; in exchange defendant agreed to plead no contest to involuntary manslaughter. The agreement expressly provides that defendant gave up "any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter . . . ." The judgment recites that the agreement had been approved by the trial court in accordance with R.Crim.P. 21. 2. There is no claim that the no contest plea was involuntary. Such a plea waived the right to object to the asserted statutory defects on which defendant relies. *State v. Raburn,* supra.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.