598 P.2d 1177

**Elizabeth CUNNAN, as mother and next friend of Patrick K. Strickland, a minor, Plaintiff-Appellant,**

v.

**BLAKLEY AND SONS, INC., a New Mexico Corporation, Security Insurance Company of Hartford, and Rhoda Ann Strickland, Defendants-Appellees.**

**No. 3820.**

Court of Appeals of New Mexico.

July 24, 1979.

Terry M. Word, Richard E. Ransom, Smith, Ransom & Gilstrap, Albuquerque, for plaintiff-appellant.

Larry D. Beall, Alonzo J. Padilla, Albuquerque, for appellees Blakley and Sons, Inc. and Security Ins. Co.

Mark Klecan, Klecan & Roach, P.A., Albuquerque, for appellee Rhoda Ann Strickland.

## OPINION

HENDLEY, Judge.

Joseph K. Strickland, Jr. was killed on September 8, 1976, while performing services arising out of and in the course of his employment. He was survived by his widow and her son, Paul, and his son, Patrick, who was living with the mother and stepfather. The insurance carrier was paying the benefits to the widow for a surviving spouse and two surviving children. The widow was not paying any portion of the workmen's compensation benefits to Patrick. Patrick demanded that the carrier pay a portion of the benefits to him, but the carrier refused. This action was then commenced on November 29, 1977.

The trial court made the following findings of fact and conclusions of law:

6. Rhoda Ann Strickland is the widow of decedent and presently has the care and custody of the one stepson.

7. Rhoda Ann Strickland and her minor children were totally dependent upon the defendant [sic] at the time of his death.

8. Patrick K. Strickland is the surviving son of the decedent by a former marriage between the decedent and the plaintiff, Elizabeth Cunnan.

9. Patrick K. Strickland although under the age of 18 was not at the time of his father's death, dependent upon his father for support or maintenance but was in fact supported by his mother and stepfather.

10. Security Insurance Company of Hartford is paying the maximum compensation benefits pursuant to the law in the amount of $114.61 per week to the widow, Rhoda Ann Strickland, and has been paying such full benefits since the death of the above-named decedent.

11. Security Insurance Company of Hartford has failed and refused to pay to Patrick K. Strickland all or part of the compensation benefits being paid to Rhoda Ann Strickland.

## CONCLUSIONS OF LAW

1. The minor children, Paul Strickland and Patrick Strickland, are surviving children of the decedent as defined in Section

59–10–12.11 of the New Mexico Workmen's Compensation Act.

2. Under Section 59–10–18.7(C) Rhoda Ann Strickland is entitled to receive fifty-five percent (55%) of the decedent's average weekly wage for herself and for the benefit of Paul Strickland and the plaintiff is entitled to five percent (5%) of the decedent's average weekly wage for the benefit of Patrick Strickland, all as limited by Section 59–10–18.2 of the New Mexico Workmen's Compensation Act.

\* \* \* \* \* \*

4. Compensation benefits in that amount are payable to the plaintiffs from the date of filing of this lawsuit, which was November 29, 1977, until the end of the compensation period.

\* \* \* \* \* \*

The trial court then entered judgment on September 7, 1978, as follows:

1. The Plaintiff is entitled to compensation benefits in the amount of $9.55 per week, such amount to be deducted from Defendant, Strickland's weekly checks and made payable by the Defendant Security Insurance Company of Hartford. The compensation benefits in that amount are payable from November 29, 1977 through the period of compensation provided by the New Mexico Workmen's Compensation Act.

2. The Defendant, Security Insurance Company of Hartford is ordered to deduct $9.55 per week from the Defendant, Rhoda Ann Strickland's bi-weekly checks until Defendant, Security Insurance is repaid the sum of $9.55 per week which represents the overpayment to her from November 29, 1977, to August 15, 1978, the date of judgment.

3. Defendant, Security Insurance Company of Hartford, shall continue to pay to Rhoda Ann Strickland the sum of $105.06 until further order of the Court.

\* \* \* \* \* \*

Plaintiff's appeal concerns the amount of the weekly compensation he will receive and the failure of the trial court to award him some percentage of the money paid to the widow for two children, when she, in fact, only had one child.

Section 59–10–18.7(C), N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 1, Supp.1975), subsequently amended, see § 52–1–46(C), N.M.S.A.1978, states:

C. if there are eligible dependents entitled thereto, compensation shall be paid to the dependents or to the person appointed by the court to receive the same for the benefit of the dependents in such portions and amounts, to be computed and distributed as follows:

(1) to the child or children, if there be no widow or widower entitled to compensation, thirty-five per cent [35%] of the average weekly wage of the deceased, with fifteen per cent [15%] additional for each child in excess of two [2];

(2) to the widow or widower, if there be no children, fifty per cent [50%] of the average weekly wage of the deceased, until remarriage;

(3) to the widow or widower, if there be one [1] child, fifty-five per cent [55%] of the average weekly wage of the deceased;

(4) to the widow or widower, if there be two [2] children, sixty per cent [60%] of the average weekly wage of the deceased; or

(5) to the widow or widower, if there be three [3] or more children, sixty-six and two-thirds per cent [66⅔%] of the average weekly wage of the deceased
. . . . .

Section 59–10–12.10(A) and (E), N.M.S.A. 1953 (2nd Repl.Vol. 9, pt. 1), subsequently amended, see 52–1–17, N.M.S.A.1978, states:

*Dependents.* As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], unless the context otherwise requires, the following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of the Workmen's Compensation Act:

A. [A] child under eighteen [18] years of age or incapable of self-support and unmarried.

\* \* \* \* \* \*

E. [Q]uestions as to who constitute dependents and the extent of their dependency, shall be determined as of the date of the injury, and their right to any death benefit shall cease upon the happening of any one of the following contingencies:

(1) [U]pon the marriage of the widow or widower.

(2) [U]pon a child reaching the age of eighteen [18] years, unless said child at such time is physically or mentally incapacitated from earnings, or upon a dependent child becoming self-supporting prior to attaining said age.

(3) [U]pon the death of any dependent.

Section 59–10–12.11, N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 2), now 52–1–18, N.M.S.A. 1978, provides in part that "child" includes stepchild as well as natural child. Under the foregoing state of the record (no transcript having been filed), we must decide what the percentage of the average weekly wage Patrick is to receive.

■ Former § 59–10–18(a)(2), N.M.S.A. 1953, subsequently repealed by the Laws of 1959, ch. 67, § 32, provided in part:

If there be dependents entitled thereto, such compensation shall be paid to such dependents or to the person appointed by the court to receive the same for the benefit of such dependents in such portions and in such amounts as the court, bearing in mind the necessities of the case and the best interests of such dependents and of the public, may determine, to be computed on the following basis, and distributed to the following persons: . . .

A comparable provision does not appear elsewhere in the Workmen's Compensation Act as it existed on September 8, 1976, nor is there any legislative guidance given in the Workmen's Compensation Act for a situation such as exists in the present case. However, in *Anaya v. City of Santa Fe*, 80 N.M. 54, 451 P.2d 303 (1969), our Supreme Court held that, although the Workmen's Compensation Act did not specifically provide for equitable defenses, the court had considered equitable claims and defenses in workmen's compensation proceedings and that equitable considerations would apply in workmen's compensation claims and defenses. Thus, the trial court was not without authority to make an equitable allocation.

Absent a transcript of the proceedings, we cannot say that the trial court did not properly apportion the award equitably, having in mind the necessities of the case and the best interests of the dependents. This is further verified by the court's finding that the widow and the stepchild were totally dependent upon the decedent, and that the natural son, Patrick, was not dependent upon decedent, but was, in fact, dependent upon the mother and stepfather.

■ Accordingly, we cannot say as a matter of law that the trial court abused its discretion in making the allocation award. In so holding, we do not say that given a change of circumstance the trial court would be precluded from changing the percentage of distribution. Such would be within the equitable powers of the trial court. *Anaya v. City of Santa Fe*, supra; cf. § 52–1–56, N.M.S.A.1978.

If Patrick was eligible for a percentage of the benefits, his eligibility started the same date as the other dependents—September 8, 1976. The cause is remanded to the trial court for a determination of benefits to Patrick from September 8, 1976. That amount will be paid to Patrick by defendant, Security Insurance Company. Security Insurance Company shall deduct from Rhoda Ann Strickland's award the sum of $9.55 per week until Security Insurance Company is repaid.

Plaintiff is awarded $1,500 attorney fees from Security Insurance Company on the appeal. *Herndon v. Albuquerque Public Schools*, 92 N.M. 287, 587 P.2d 434 (1978).

The cause is remanded to the trial court for proceedings consistent herewith.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

This case comes before this Court solely on the record proper. Contained herein are the court's findings of fact and conclusions of law and the judgment entered.

The trial court concluded that plaintiff was entitled to 5% of decedent's weekly wage for the benefit of Patrick K. Strickland, natural son of decedent when married to plaintiff; that plaintiff was entitled to receive 5/60 or 1/12th of the weekly compensation benefits, or $9.55 per week, payable from the date of filing this lawsuit which was November 29, 1977, until the end of the compensation period.

Defendant, Rhoda Ann Strickland, widow of decedent, argues that plaintiff's appeal has not been preserved for review on two grounds: (1) there was no attack on the findings of fact and conclusions of law and (2) the transcript of the record was not included in the praecipe.

At first blush, it would appear that Rhoda was right. Plaintiff's attorney did not reply or seek a reprieve, nor did the majority opinion respond. Under these circumstances, I feel constrained to step in as plaintiff's advocate to see that justice is done. If the Supreme Court grants certiorari and reverses, this opinion will not be published. Nevertheless, the ultimate question to be reached is a matter of first impression and the serious problems raised by Rhoda should be answered.

Rhoda submits the case of *Reliance Insurance Company v. Marchiondo*, 91 N.M. 276, 573 P.2d 210 (1978) which states the issue:

The issue is whether under the state of this record we can justify overturning conclusions of law made by the trial court that appear on their face to be properly supported by the trial court's findings of fact. . . . [91 N.M. at 278, 573 P.2d at 212].

In the instant case, the conclusions of law are not supported by the findings of fact, those which constitute a proper statement of ultimate facts. Without a transcript of the record, the ultimate facts cannot be challenged. We are only concerned with whether the trial court properly distributed compensation benefits as provided by statute. The distribution percentage appears only in the conclusions of law. Ofttimes, findings and conclusions are mixed questions of fact and law. Facts stated which misstate the law cannot be considered as an ultimate fact.

The trial court found that:

8. Patrick K. Strickland is the surviving son of the decedent by a former marriage between the decedent and the plaintiff, Elizabeth Cunnan.

9. Patrick K. Strickland although under the age of 18. *was not at the time of his father's death, dependent upon his father for support or maintenance but was in fact supported by his mother and stepfather.* [Emphasis added.]

Finding No. 9 states facts which are irrelevant under the law. True, heretofore, children under 18 years of age, to be eligible dependents had to be actually dependent upon the deceased because the statute so provided. *Houston v. Lovington Storage Company*, 75 N.M. 60, 400 P.2d 476 (1965). Actual dependency was deleted by Laws 1973, ch. 47. Section 52–1–17(A), N.M.S.A. 1978 now provides that "[A] child under eighteen [18] years of age or incapable of self-support and unmarried," shall be deemed a dependent and entitled to compensation benefits.

It cannot be gainsaid that Patrick was an eligible dependent and entitled to compensation benefits despite the fact that he was not supported by his father.

Section 59–10–18.7(C)(1), N.M.S.A.1953 (2nd Repl.Vol. 9, pt. 1, Supp.1975), subsequently amended, see § 52–1–46(C)(1), N.M. S.A.1978, provides for distribution "to the child . . . if there be no widow . . . entitled to compensation, thirty-five per cent [35%] of the average weekly wage of the deceased . . . ." The legislative intent was to provide compensation benefits to Patrick because his mother was not a widow entitled to compensation. Otherwise, a natural son of divorced parents would be "Gone With The Wind." To deny Patrick compensation benefits would ob-

struct the spirit of the Workmen's Compensation Act.

Section 59–10–18.7(C)(2), (3), (4) and (5) speak in terms of a surviving widow of decedent *entitled to compensation benefits* with one, two, three or more children. Contra, *Allstate Erectors, Inc. v. Boshell*, 301 A.2d 316 (Del.Super.1972), aff'd, *Boshell v. Allstate Erectors, Inc.*, 305 A.2d 619 (Del. 1973); *Farmer v. Farmer*, 562 S.W.2d 205 (Tenn.1978). I disagree with these cases because in my opinion (C)(1) was intended to cover a separate household concept. This concept is supported by subsection (F) which reads as follows:

F. the event of the death or remarriage of the *widow . . . entitled to compensation benefits as provided in this section, the surviving children* shall then be entitled to compensation benefits computed and paid as provided in Paragraph (1) of Subsection C of this section for the remainder of the compensable period;

If Rhoda dies or remarries, there is no widow entitled to compensation benefits. Her child is placed in the same category as Patrick. In other words, we do have a separate household concept. As long as Rhoda remains alive and unmarried she is entitled to 55% of the average weekly wage. Patrick is entitled to 35%.

We should avoid "equitable allocation" and judicial discretion. The statute does not provide for it. A spate of disputes would come along. To enumerate the legal problems that arise under these judicial rules is to play "ring around the rosy" with the idiosyncratic attitude of each district judge. The Workmen's Compensation Act should not be subject to judicial tortuosities. I interpret the Act to mean what in my mind and experience is a fair adjudication of the serious problem that confronts children left by the wayside in family instability.

The trial court's conclusion that plaintiff is entitled to 5% of decedent's weekly wage is not supported by the findings of fact. Plaintiff was entitled to 35% of decedent's weekly wage of $114.61, which is $40.11, the amount to which plaintiff was entitled for the benefit of Patrick, not from the date of filing the lawsuit, but from the date of decedent's death until the end of the compensation period.

The compensation benefits are due and payable by decedent's employer. The purpose of the Workmen's Compensation Act is to avoid uncertainty in litigation and to assure dependents of a deceased workman prompt payment of compensation. Absent litigation in the instant case, it was the duty of the employer to search for eligible dependents, to determine whether decedent left children surviving by a previous marriage. To rely upon decedent's widow is to put "the cart before the horse," ofttimes a Trojan horse.

Whether the employer is entitled to any reimbursement from Rhoda, or whether $40.11 should be deducted from Rhoda's weekly payments depends upon the facts disclosed at the trial. Upon reversal of the trial court's judgment, this case should be remanded to the trial court to make the determination.