692 P.2d 1328

**Helen GARRISON, as Personal Representative of the Estate of James Edward Garrison, Plaintiff-Appellant,**

v.

**SAFEWAY STORES, as Employer and Self-Insurer, and Beth Ann Garrison, Defendants-Appellees.**

No. 8076.

Court of Appeals of New Mexico.

Nov. 8, 1984.

Certiorari Denied Dec. 31, 1984.

David H. Pearlman, David H. Pearlman, P.A., Albuquerque, for plaintiff-appellant.

Tracy E. McGee, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendants-appellees.

**OPINION**

ALARID, Judge.

James Garrison died in an accidental injury arising out of and in the course of his employment. He was survived by a widow, the plaintiff herein, and two minor children, all three of whom were living with and dependent upon the decedent at the time of his death. He was also survived by Beth Ann Garrison, a daughter, who at the time of decedent's death was under twenty-three years of age and was enrolled as a full-time student in an accredited educational institution. The foregoing facts are undisputed, as is the fact that Beth Ann was not dependent upon the decedent at the time of his death.

Since the time of the decedent's death, the defendant has been paying maximum compensation benefits. It paid a portion of these benefits to plaintiff and a portion to Beth Ann. Plaintiff sued, claiming that Beth Ann was not entitled to benefits. The trial court ruled in favor of Beth Ann, and plaintiff appealed. This court proposed summary affirmance because NMSA 1978, Section 52–1–17(A) (Orig.Pamp.) deemed Beth Ann dependent regardless of any factor of actual dependency. Plaintiff has filed a timely memorandum in opposition. Finding it unpersuasive, we affirm.

Plaintiff first contends that this case is inappropriate for resolution on a summary calendar. Conceding that the facts are undisputed, plaintiff claims that disposition may not be made on a summary

calendar unless the application of legal principles to those facts is clear. *See State v. Anaya*, 98 N.M. 211, 647 P.2d 413 (1982). Plaintiff's claim is that this case presents a question of first impression and that, under these circumstances, the application of legal principles is unclear. Plaintiff claims that this case should be assigned to a limited calendar. We disagree.

First, because all of the relevant facts are undisputed, there would be no purpose served by assigning this case to a limited calendar. A limited calendar contemplates a transcript of proceedings to be filed. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R 207(b) (Repl.Pamp.1983). There is no reason for a transcript of proceedings in this case where all of the facts are undisputed. A legal calendar may be warranted if the issues truly require extensive briefing. *See* App.R. 207(c). However, in this case, both parties have moved for summary disposition and have filed memoranda in support. In addition, plaintiff has had the opportunity to file a memorandum in opposition to our proposed calendaring notice. Further briefing in this case would only cause undue delay. The memoranda already filed have fully apprised this court of the parties' respective positions.

Second, it is not true that a matter of first impression or a matter requiring a formal opinion under NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 601 (Repl.Pamp.1983) is always inappropriate for disposition on a summary calendar. Both this court and the supreme court have decided numerous cases on a summary calendar by formal opinion. *See, e.g., State v. Lucero*, 98 N.M. 311, 648 P.2d 350 (Ct.App. 1982); *State v. Russell*, 94 N.M. 544, 612 P.2d 1355 (Ct.App.1980); *State v. Baird*, 90 N.M. 678, 568 P.2d 204 (Ct.App.), *aff'd.*, 90 N.M. 667, 568 P.2d 193 (1977); *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976). Most recently, this court overruled a prior case in a case decided on a summary calendar. *Varos v. Union Oil Company of California*, 101 N.M. 713, 688 P.2d 31 (Ct. App.1984).

Finally, for the reasons which follow, we believe the application of legal principles to the facts of this case to be clear.

At issue in this case is whether Section 52–1–17(A) requires a showing of actual dependency in the case of children under the age of twenty-three and enrolled as full-time students. In contending that it does, plaintiff's docketing statement relied on, inter alia, *Kosmicki v. Aspen Drilling Co.*, 76 N.M. 234, 414 P.2d 214 (1966); *Snarr v. Carroll*, 63 N.M. 380, 320 P.2d 736 (1958); and *Gallegos v. Homestake Mining Co.*, 97 N.M. 717, 643 P.2d 281 (Ct.App.1982). Our calendaring notice pointed out that the cases upon which plaintiff relied were distinguishable because the statutes under which they were decided required actual dependency. Plaintiff's memorandum in opposition contends that we overlooked her reliance on *Cunnan v. Blakley & Sons, Inc.*, 93 N.M. 217, 598 P.2d 1177 (Ct.App.1979).

We did not overlook *Cunnan.* We simply do not believe that it supports the proposition that actual dependency is a requirement of Section 52–1–17(A). In *Cunnan*, Patrick was not actually dependent; yet Patrick was awarded a percentage of the benefits. The issue in *Cunnan* was the percentage of benefits to which Patrick was entitled. In this case, plaintiff raises no issue as to the appropriate distribution of benefits as between herself and Beth Ann. *Cunnan* actually supports the result we reach here to the extent that it approved the award of some benefits to Patrick when Patrick was not actually dependent upon the decedent.

In reaching our proposed conclusion, our calendaring notice relied on the history of Section 52–1–17. We pointed out that the version of the statute appearing in the original 1953 compilation of the New Mexico statutes required actual dependency for all categories of dependents. NMSA 1953, § 59–10–12(j). That section was repealed in 1965, N.M.Laws, ch. 295, and NMSA 1953, Section 59–10–12.10 (2d Repl.Vol. 9, 1974) was enacted. Section 59–10–12.10 entirely removed the requirement of actual

dependency for certain children, replaced the requirement of actual dependency for widows and widowers with a requirement of residence or entitlement to support, and left standing the requirement of actual dependency for other categories of dependents. *See Kosmicki.* The current law continues to "deem" certain children dependent. Included among those certain children are those under twenty-three years of age if enrolled as full-time students in any accredited educational institution. Section 52–1–17(A). The legislature having removed the requirement of actual dependency for certain children, we pointed out that this court must abide by the intention of the legislature to change the law. *Martinez v. Research Park, Inc.*, 75 N.M. 672, 410 P.2d 200 (1965).

Plaintiff contends that, because the removal of the requirement of actual dependency for certain children was in 1965, and because the addition of the class of children who are college students occurred in 1977, *see* Laws 1977, ch. 275, the legislature could not have intended to remove the requirement of actual dependency for a class of children that did not even exist in 1965. We cannot accept this contention. The 1977 enactment simply shows no design whatsoever to revive the concept of actual dependency for children of any sort. The legislature is presumed to be aware of existing law. *State ex rel. Bird v. Apodaca*, 91 N.M. 279, 573 P.2d 213 (1977). Existing law in 1977 did not require actual dependency for children. When the legislature amended the law in 1977 to increase the categories of children, it did not change any other portion of the law so as to reinstate the requirement of actual dependency. Because we must give statutes effect as written, *State v. Russell; Irvine v. St. Joseph Hospital, Inc.*, Ct.App. Nos. 7651, 7713 (Filed October 23, 1984), we may not read a requirement of actual dependency into the last clause of Section 52–1–17(A).

Plaintiff next contends that our reading of Section 52–1–17(A) conflicts with NMSA 1978, Section 52–1–46 (Orig.Pamp.) and *Clauss v. Electronic City*, 93 N.M. 75, 596 P.2d 518 (Ct.App.1979). Using dictionary definitions of "eligible" and "dependents," plaintiff contends that the reasoning of our calendaring notice lacks foundation. We disagree. While Section 52–1–17 does not create rights, it does define dependents. Thus, we have no reason to resort to dictionary definitions.

Plaintiff finally contends that our reading of Section 52–1–17 is contrary to the well-recognized purpose of the Workmen's Compensation Act. We recognize that the purposes of the Act are to help protect the recipient of the payments against want and to avoid his becoming a public charge, *Spidle v. Kerr-McGee Nuclear Corp.*, 96 N.M. 290, 629 P.2d 1219 (1981), and to keep an injured workman and his family minimally secure financially, *Casillas v. S.W.I.G.*, 96 N.M. 84, 628 P.2d 329 (Ct.App.1981). We further recognize that it would be consistent with these purposes to require actual dependency for entitlement to benefits. However, the legislature has not seen fit to require actual dependency for children. As we stated in *City of Albuquerque v. Sanchez*, 81 N.M. 272, 273, 466 P.2d 118, 119 (Ct.App.1970), and repeated in *Varos v. Union Oil Company of California*, "[t]his is a situation for 'legislative therapy and not judicial surgery.' "

Accordingly, the judgment of the district court is affirmed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.